IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACOB SMITH, | ) | Case No. 1:22-CV-00427 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| DAVID LUCEY, *et al.,* | ) | |
| | ) | **OPINION & ORDER** |
| Defendants. | ) | |
| | ) | |

## I.      Introduction

On July 28, 2022, defendants filed a motion to quash putative service and second motion to dismiss case.  ECF Doc. 12.  Defendants argue that, despite being granted additional time to perfect service, plaintiff has failed to properly serve any of the defendants, and the Court lacks personal jurisdiction over them.  Plaintiff filed a response on August 5, 2022, but it fails to show good cause for failing to properly serve defendants.  As further explained below, the Court finds plaintiff has not shown good cause for failing to serve defendants; the Court does not currently have jurisdiction over them; and plaintiff's complaint should be dismissed, without prejudice. Because plaintiff has failed to properly serve defendants within the time required by Fed. R. Civ. P. 4, defendant's motion to dismiss is GRANTED.

## II.      Background

Plaintiff filed the captioned case on March 16, 2022.  ECF Doc. 2.  On June 16, 2022, defendants filed a motion to dismiss based on plaintiff's failure to timely serve completed

summons and a copy of the Complaint on defendants within 90 days.  ECF Doc. 4-1.  Hours

later, plaintiff's counsel filed an objection arguing he had attempted to secure waiver of service

and misunderstood communications with various individuals in the Lorain County Court Justice

Center.  His objection also stated he had *assumed* a copy of the complaint was "provided to the

Lorain County judges and their statutory counsel."  ECF Doc. 5.

On June 16, 2022, the Court denied defendants' motion to dismiss and afforded plaintiff

an additional 30 days to "file proof or service or his case would be dismissed without prejudice."

ECF Doc. 6.  The Court also encouraged plaintiff to thoroughly research the validity of his

claims.  *Id.*  Two and a half weeks later, on July 5, 2022, plaintiff filed a motion to appoint

process server.  ECF Doc. 9.  On July 8, 2022, plaintiff filed poof of service claiming personal

service had been effected on all defendants (Hatfield, Laboy, Lucey, Osborne, Ruiz and Weitzel

in his official capacity) by personally serving Defendant Timothy Weitzel with the summons.

ECF Doc. 11.  In other words, plaintiff claimed he had personally served all of the defendants,

but he had only personally served Defendant Timothy Weitzel (who was not being sued in his

personal capacity).  *Id.*

On July 28, 2022, defendants moved to quash putative service and dismiss plaintiff's

case.  ECF Doc. 12.  Defendants argue plaintiff's attempt to personally serve all defendants by

leaving a summons with Defendant Weitzel was inadequate and defective.  They further argue

that Timothy Weitzel was not properly served in his official capacity as the Lorain County

Juvenile Court Administrator because service on the Lorain County Juvenile Court required

serving the Administrative Judge of the Lorain County Juvenile Court or the State Attorney

General.  *See* Ohio Civ. R. 4.2(K).

Defendants also contend plaintiff cannot demonstrate excusable neglect or good cause for failing to perfect service.  They argue that plaintiff's failure to properly serve them is the result of ignorance or failure to follow the Ohio and Federal Rules—not circumstances outside of plaintiff's control.  Their position is that the Court lacks personal jurisdiction over them and must dismiss plaintiff's case.

On August 5, 2022, plaintiff filed a response.  ECF Doc. 13.  Regarding service, plaintiff argues he attempted to serve defendants but failed to follow the rules for obtaining service because: 1) he was researching the validity of plaintiff's claims;  2) he didn't have enough time to obtain waivers or certified mail service[1]; and 3) he thought there was an understanding with third party individuals (not named in the complaint) that Lorain County and/or Lorain County Juvenile Court would waive service.  Plaintiff has not cited any legal authority supporting a good cause finding under any of these reasons for failing to obtain service.

### III.    Analysis

Fed. R. Civ. P. 4(m) provides:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the absence of a showing of good cause, failure to timely serve a defendant mandates dismissal.  *Habib v. General Motors,* 15 F.3d 72, 73 (6th Cir. 1994).  Plaintiff bears the burden of showing good cause for failure to timely serve.  *Id.*  "The determination of good cause is left to the sound discretion of the district court," *Id.*, but "inadvertence or half-hearted efforts to serve

---

[1] Plaintiff did not request any additional time to perfect service in these manners.

do not constitute good cause." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

Here, plaintiff has failed to show good cause.  Plaintiff's counsel states he was hampered from obtaining service because the Court encouraged him to verify the claims he was asserting were valid.  This is not good cause.  Plaintiff's counsel should have researched the validity of the claims and the proper parties to be served long before he received any warning from the Court.

Plaintiff's counsel also states he had some sort of understanding with the judges and/or executive officers at Lorain County regarding this lawsuit.  But, even if this is true, he did not have any understanding with the individuals he actually named as defendants.  Moreover, he was put on notice that service was an issue when defendants filed their first motion to dismiss. Plaintiff was given 30 additional days to perfect service and waited more than two and a half weeks before taking any steps to serve defendants.  At a minimum, he should have quickly and carefully taken the correct procedural steps to perfect service.

Plaintiff's representation that Tim Weitzel agreed to accept service on behalf of other defendants does not amount to good cause.  Personal service is only accomplished by delivering the summons and complaint directly to the individual, at the individuals usual place of abode, or delivering a copy to an agent authorized to receive service.  Fed. R. Civ. P. 4(e)(2).  Plaintiff had no reason to believe Mr. Weitzel was authorized to accept service on behalf of the individuals sued in their personal capacities.  If the rules permitted this type of service, any individual working at an organization might be able to accept service on behalf of any other employee.

Plaintiff's argument that serving Tim Weitzel personally is sufficient to serve him in his official capacity also misses the mark.  By suing Tim Weitzel in an official capacity, plaintiff was attempting to sue the Lorain County Juvenile Court.  Defendants are correct that plaintiff

4

was required to sue Lorain County Juvenile Court by serving a copy of the summons and complaint to its chief executive officer or in a manner prescribed by Ohio law.  *See* Fed. R. Civ. P. 4(j)(2); Ohio Civ. R. 4.2(K).  Serving Timothy Weitzel as the administrator of the Lorain County Juvenile Court was not in accordance with the applicable rules.  Plaintiff cites no authority supporting his position.

Finally, the fact that Lorain County Juvenile Court may have had actual notice of plaintiff's complaint does not give this Court jurisdiction over the juvenile court or the individually named defendants.  First, even if some of the judges or employees of the Lorain Juvenile Court knew about plaintiff's lawsuit, it is very possible that some or all of the individuals named as defendants were not aware of it.  Plaintiff cannot assume that the individual defendants knew about the lawsuit because other people in the courthouse did.  Second, "good cause" means "a reasonable, diligent effort to timely effect service of process."  *Pearison v. Pinkerton's Inc*., 90 F. App'x 811, 813 (6th Cir. 2004).  Mere "lack of prejudice and actual notice are insufficient," as are "[m]istake of counsel or ignorance of the rules."  *Johnson v. Smith,* 835 F. App'x 114, 115, (6th Cir. 2021), quoting *Massey v. Hess,* No. 1:05-CV-249, 2006 U.S. Dist. LEXIS 57963, 2006 WL 2370205, at *4 (E.D. Tenn. Aug. 14, 2006).  To receive more time for obtaining service, plaintiff was required to show good cause why he did not obtain service in the time and manner required by Fed. R. Civ. P. 4.  He has not done so, and his complaint must be dismissed without prejudice.

## IV.     Conclusion

Because plaintiff has failed to perfect service over defendants in a timely manner and/or to show good cause for failing to do so, the Court GRANTS defendants' second motion to

dismiss.  ECF Doc. 12.  Plaintiff's complaint is DISMISSED, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated: August 11, 2022                    *s/Dan Aaron Polster*
                                          United States District Judge